UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMARI DEMARY ) | |
| ) | Case No. 25-cv-8989 |
| Plaintiff, ) | |
| ) | Judge |
| vs. ) | |
| ) | Magistrate Judge |
| POLICE OFFICER MICHAEL DONNELLY; ) | |
| POLICE OFFICER JOSEPH VECCHIO; ) | |
| POLICE OFFFICER RICHARD RODRIGUEZ JR. and, ) | |
| CITY OF CHICAGO, ) | Trial By Jury Demanded |
| ) | |
| Defendants. ) | |

COMPLAINT AT LAW

NOW COMES Plaintiff, Amari Demary, by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants, Police Officer Michael Donnelly (Star No. 13784); Police Officer Joseph Vecchio (Star No. 14469); Police Officer Richard Rodriguez Jr. (Star No. 12157), and City of Chicago state as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

1

PARTIES

4. Plaintiff, Amari Demary ("Demary"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times herein referenced, Defendant Police Officer Michael Donnelly, Star No. 13784 ("Officer Donnelly"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Donnelly was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6. At all relevant times herein referenced, Defendant Police Officer Joseph Vecchio, Star No. 14469 ("Officer Vecchio"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Vecchio was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7. At all relevant times herein referenced, Defendant Police Officer Richard Rodriguez Jr., Star No. 12157 ("Officer Rodriguez Jr."), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Rodriguez Jr. was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8. At all relevant times herein referenced, Defendant, City of Chicago, is a governmental entity formed pursuant to the laws of the State of Illinois. Officers Donnelly, Vecchio, and Rodriguez Jr. ("Defendant Officers") were employed by City of Chicago as sworn police officers, and at the time of the incident at issue the Defendant Officers were acting within the scope of their employment for City of Chicago and under color of law.

## ALLEGATIONS

9. On the evening of March 19, 2024, Amari Demary was in the passenger seat of a vehicle near 1000 N. Cambridge Avenue, in the City of Chicago, when the Defendant Officers cut off and curbed the vehicle without good reason and without lawful basis to do so.

10. Defendant Officers, falsely believing that Demary was armed with a handgun, shouted at Demary to exit the vehicle, and then proceeded to act aggressively towards Demary once he exited the vehicle.

11. The Plaintiff was not armed with a firearm.

12. The Defendant Officers held Demary at gunpoint despite the fact that he was unarmed.

13. Defendant Officers arrested Demary without probable cause.

14. Demary was incarcerated in the Cook County Jail for nine months following his arrest.

15. As a result of the Defendants Officers' conduct, Demary suffered emotional injuries, constitutional violations, loss of liberty, economic losses, attorney's fees and other losses and expenses.

## COUNT I
## 42 U.S.C. §1983 FOURTH AMENDMENT CLAIM
## AGAINST OFFICER DONNELLY, OFFICER VECCHIO & OFFFICER RODRIGUEZ JR.

16. Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 15.

17. Officer Donnelly, Officer Vecchio, and Officer Rodriguez Jr., knowing that probable cause did not exist, acted individually, jointly and/or in a conspiracy to cause the Plantiff to be arrested, detained, charged and prosecuted, and, knowing the arrest and prosecution

lacked probable cause, failed to intervene to prevent Plaintiff's arrest and prosecution.

18. In so doing, Officer Donnelly, Officer Vecchio, and Officer Rodriguez Jr. violated the Plaintiff's rights to be free from unreasonable seizure guaranteed to him by the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiff Amari Demary prays for judgment against Police Officer Michael Donnelly (Star No. 13784), Police Officer Joseph Vecchio (Star No. 14469), and Police Officer Richard Rodriguez Jr. (Star No. 12157) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT II
## 42 U.S.C. §1983 FALSE ARREST
## AGAINST OFFICER DONNELLY, OFFICER VECCHIO & OFFICER RODRIGUEZ JR.

19. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 18.

20. Defendant Officers did not have probable cause or any other legal basis to arrest the Plaintiff.

21. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Amari Demary, prays for judgment against Police Officer Michael Donnelly (Star No. 13784), Police Officer Joseph Vecchio (Star No. 14469) and Police Officer Richard Rodriguez Jr. (Star No. 12157) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT III
ILLINOIS LAW CLAIM - INDEMNIFICATION
AGAINST CITY OF CHICAGO

22. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 21.

23. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

24. At all times relevant to this incident, Defendant Officers were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff, Amari Demary, prays that should this Court enter judgment in their favor and against Police Officer Michael Donnelly (Star No. 13784), Police Officer Joseph Vecchio (Star No. 14469), and/or Police Officer Richard Rodriguez Jr. (Star No. 12157), the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

JURY DEMAND

Plaintiff prays for trial by jury.

Respectfully submitted,

AMARI DEMARY

/s/ David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Email: david@dsllawoffice.com

5